UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jane Doe, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-1479 |
| | ) | |
| QuikTrip Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that Defendant QuikTrip Corporation ("QuikTrip"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-styled action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois. In support of removal, and expressly reserving all questions other than removal, QuikTrip states the following:

### I.    Procedural Background

1.    The above-captioned action was filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, entitled *Jane Doe v. QuikTrip Corporation*, and assigned Case No. 2025LA000759 (the "State Court Action"), alleging claims under the Illinois Human Rights Act, 775 ILCS 5/2-101, *et seq*.; and the Illinois Gender Violence Act, 740 ILCS 82/1, *et seq*.

2.    On June 27, 2025, a summons was issued to QuikTrip. A complete copy of the State Court Record, including the Complaint and Summons, in accordance with 28 U.S.C. § 1446(a), are attached hereto as **Exhibit A**.

3.    QuikTrip was served with the summons on June 27, 2025.

## II.    Timeliness of Removal

4.    This removal is timely under 28 U.S.C. § 1446 in that it is filed within thirty days after service of the summons and complaint on QuikTrip, from which QuikTrip was first able to ascertain that the case is one which is or has become removable.

## III.    Removal Jurisdiction

5.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

6.    Here, QuikTrip and Plaintiff are citizens of different states. Plaintiff is domiciled in the State of Illinois, and is therefore a citizen of the State of Illinois. See Compl. ¶ 1.

7.    QuikTrip is neither incorporated in, nor has its principal place of business in, Plaintiff's state of citizenship.

8.    For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. QuikTrip is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business and executive offices in Tulsa, Oklahoma. Accordingly, QuikTrip is a citizen of the State of Oklahoma for diversity purposes. 28 U.S.C. § 1332(c)(1).

9.    Plaintiff prays for relief in the form of lost wages and benefits, emotional distress damages, compensatory damages, costs of suit, and attorneys' fees. Compl. ¶¶ 37, 44, 52, and 53. Plaintiff seeks actual damages in excess of $50,000, punitive damages, and costs and attorneys' fees.

10.     In determining whether a Complaint meets the amount in controversy, a court may consider the aggregate value of claims for compensatory damages, as well as attorneys' fees. *See e.g., Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("where both actual and punitive damages are recoverable under a Complaint each must be considered to the extent claimed in determining jurisdictional amount.").

11.     Plaintiff seeks actual damages in excess of $50,000 for each of her two claims, as well as punitive damages on her Illinois Gender Violence Act claim. Compl. ¶¶ 44, 53.

12.     "While the state-court jurisdictional minimums fall below $75,000, that does not foreclose a plaintiff from bringing a case in which the amount in controversy far exceeds those minimums." *Dugar v. U.S. Bank Nat'l Ass'n*, No. 21 CV 4052, 2021 WL 6063869, at *3 (N.D. Ill. Dec. 22, 2021). *See also French v. STL Distribution Servs., LLC*, No. CIV. 10-511-GPM, 2010 WL 3002108, at *1 (S.D. Ill. July 28, 2010) (finding amount in controversy exceeded $75,000 where plaintiff pleaded for damages in excess of $50,000 and sought compensatory damages, punitive damages, and attorneys' fees under IHRA).

13.     Courts may award actual damages, punitive damages, and attorneys' fees and costs for claims brought under the Illinois Human Rights Act. 775 ILCS 5/10-102. Courts may award actual damages, emotional distress damages, punitive damages, and attorneys' fees and costs for claims brought under the Illinois Gender Violence Act. 740 ILCS 82/15. Courts have upheld damages awards for IHRA claims between $200,000 and $300,000. *Hobby Lobby Stores, Inc. v. Sommerville*, 2021 IL App (2d) 190362, 186 N.E.3d 67 (upholding award of $220,000 in emotional distress damages in IHRA sex discrimination case).

14.     The availability of punitive damages on both claims further increases the amount in controversy. Plaintiff  specifically seeks punitive damages on her Illinois Gender Violence Act

claim. "The original complaint sought compensatory damages in excess of $50,000 plus punitive damages, and that open-ended request indicates that the amount in controversy exceeds $75,000." *Dugar v. U.S. Bank Nat'l Ass'n*, No. 21 CV 4052, 2021 WL 6063869, at *3 (N.D. Ill. Dec. 22, 2021). "Even a modest punitive-to-compensatory damages ratio of two or three to one could have led to an award in excess of $75,000." *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012).

15.     Although QuikTrip disputes Plaintiff's claims and denies that she is entitled to any recovery, the amount in controversy in this action as claimed by Plaintiff exceeds the federal jurisdictional minimum of $75,000.

16.     As such, QuikTrip has met its burden of proof. Complete diversity exists among the parties in this action, and this Court has jurisdiction under 28 U.S.C. § 1332. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### IV.     Compliance with Procedural Requirements

17.     Venue is proper in the United States District Court for the Southern District of Illinois as the State Court Action, which is subject to this removal petition, was filed with the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, where all parties are subject to personal jurisdiction.

18.     The incident alleged by Plaintiff has arisen within the jurisdiction or boundaries of the United States District Court for the Southern District of Illinois.

19.     Pursuant to 28 U.S.C. § 1446(a), venue lies in the United States District Court for the Southern District of Illinois, because Madison County, Illinois is within the Southern District of Illinois. *See also* 28 U.S.C. § 93(c); 28 U.S.C. § 1441(a).

20.     As required by 28 U.S.C. § 1446(d), on the same day that this Notice of Removal is filed, QuikTrip will provide written notice of the removal to Plaintiff, and will file a copy of this Notice of Removal with the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

21.     By filing this Notice of Removal, QuikTrip does not waive any defenses which may be available to it.

WHEREFORE, Defendant QuikTrip Corporation respectfully requests that the action captioned as *Jane Doe v. QuikTrip Corporation*, Case No. 2025LA000759, pending in the Circuit Court of Madison County, Illinois, be removed to this Court, and that this Court exercise its subject matter jurisdiction over this action, and for such other relief as this Court may deem proper.

Respectfully submitted,

THOMPSON COBURN LLP

By  */s/ Charles M. Poplstein*
    Charles M. Poplstein, Illinois USDC, Southern
    District - 03128948
    One US Bank Plaza
    Suite 2700
    St. Louis, MO  63101
    P: 314 552 6000
    F: 314 552 7000
    cpoplstein@thompsoncoburn.com

Attorney for Defendant QuikTrip Corporation

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record, and a true and correct copy of the foregoing has been mailed, first class mail, postage prepaid, this 24th day of July, 2025, to counsel of record for Plaintiff Jane Doe:

Leigh M. Perica, #6316856
Ryan J. Mahoney, #6290113
Mahoney Law Firm, LLC
2220 S. State Route 157, Suite 250
Glen Carbon, IL 62034
leigh@themahoneylawfirm.com
ryan@themahoneylawfirm.com

Attorneys for Plaintiff

*/s/ Charles M. Poplstein*