UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE DOE,

      Plaintiff,

  v.

QUICKTRIP CORPORATION,

      Defendant.

Case No. 25-cv-01479-JPG

## MEMORANDUM AND ORDER

This case is before the Court after it ordered Plaintiff Jane Doe to show cause on or before June 17, 2026, why this action should proceed under a pseudonym (Doc. 26). The order was based on the Court's observations that her initial motion to proceed on a pseudonym was unopposed, the state court justification for granting the motion is not sufficient under Seventh Circuit case law, and the parties have not briefed the issue of anonymity before this Court. Plaintiff responded to the order to show cause (Doc. 27). Defendant Quicktrip Corporation also filed a response (Doc. 28), to which Plaintiff filed a reply (Doc. 29).

This case involves allegations of sexual harassment and sexual assault in the workplace. Specifically, Plaintiff alleges that, while she was employed by Defendant, she was forced to perform oral sex on, and was forcibly raped by, her manager. Plaintiff argues that Court should allow her to proceed on a pseudonym for two reasons: (1) this case involves allegations of sexual assault; and (2) she risks injury or harm if identified, including harassment, ridicule, and embarrassment. Defendant contends that these circumstances do not justify allowing Plaintiff to proceed anonymously.

The general rule in federal court "is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). The reason for this approach is that the public "has an

interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Id.* Federal Rule of Civil Procedure 10(a) reflects this principle by requiring that "[t]he title of the complaint . . . name all the parties."

To proceed on a pseudonym, the anonymous litigant bears the burden to show that the circumstances of the case "outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). District courts within this circuit have applied a multifactor test to determine whether a party may proceed under a pseudonym. *See e.g.*, *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017); *Doe v. Cook Cnty., Ill.*, 542 F. Supp. 3d 779, 784–85 (N.D. Ill. 2021). The Seventh Circuit has expressly declined to adopt this approach and has "held that many of the factors are irrelevant to the determination whether anonymity is appropriate." *Doe v. Young*, No. 24-2871, 2025 WL 927320, at *3 (7th Cir. Mar. 27, 2025). It has, however, identified three justifications for anonymity: (1) youth; (2) a substantial risk of physical harm; or (3) a likelihood of improper retaliation by third parties. *See Trs. of Ind. Univ.*, 101 F.4th at 491.

None of the three justifications articulated by the Seventh Circuit apply here. Plaintiff is not a minor; she is 21 years old. At the time of the alleged incident, she was 19 years old. She alleges that a 19-year-old is a "teen," and as such, should be treated similarly to a minor. The Court disagrees. 19-year-olds are adults, not minor children. Plaintiff has also not alleged she is at risk of physical harm or improper retaliation. Mere allegations of potential harm are not sufficient. *See Watts v. Jones*, 177 F.4th 820, 824 (7th Cir. 2026). Neither is the prospect of reputational harm. *See Trs. of Ind. Univ.*, 101 F.4th at 491–92. It may be true that, if potential employers are allowed to access Plaintiff's name and lawsuit information, they may be deterred

from hiring her. But this harm is remote; it is based on the presumption that Plaintiff will graduate college and begin searching for a career or occupation. In addition, reputational harm is inherent in litigation. *Id.* For example, in this case, the complaint names a corporation as the defendant and identifies the alleged perpetrator of the sexual assaults by name. Plaintiff wants to protect her own reputation but did not hesitate to expose the identified parties to the reputational harm that would follow from a judicial conclusion that their actions violated the Illinois Human Rights Act and the Illinois Gender Violence Act. A plaintiff should not be "free to inflict reputational harm while sheltering [herself] from loss if it turns out that [her] charges are unfounded." *Id.*

As none of the three recognized justifications apply here, the Court must examine whether any other circumstances warrant allowing Plaintiff to proceed under a pseudonym. That this case involves allegations of sexual assault can be a persuasive reason for anonymity. *See Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). Nevertheless, it is not determinative. *Cook County, Ill.*, 542 F. Supp. 3d at 786–87. In fact, numerous courts have denied motions to proceed pseudonymously in cases involving sexual assault. *See e.g.*, *Doe v. Hamilton Cnty. Coal, LLC*, No. 3:20-CV-73-NJR, 2020 WL 2042899, at *2 (S.D. Ill. Apr. 28, 2020); *Cook County, Ill.*, 542 F. Supp. 3d at 790; *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019). The argument that Plaintiff risks harassment, ridicule, and embarrassment if identified is entitled to little weight. The Court acknowledges that, in cases involving sexual assault, a plaintiff faces a general risk of retribution. But the Seventh Circuit has "refused to allow plaintiffs to proceed anonymously merely to avoid embarrassment." *Trs. of Ind. Univ.*, 101 F.4th at 491. And as explained above,

the risk of reputational injury is not sufficient to justify anonymity.

Taking these circumstances into account and giving them the weight they deserve, the Court finds that they do not outweigh the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. The public's interest in named parties is strong and is difficult to overcome, and Defendant has shown it will suffer prejudice from anonymity. Plaintiff's credibility is likely to be a central issue in this case. A plaintiff who proceeds under her own name is less likely to fabricate or embellish an account. Moreover, once the plaintiff's identity is disclosed, witnesses may step forward with valuable information about her credibility. Even though these considerations are directed to proceeding on a pseudonym at trial, which Plaintiff has stated she is not seeking to do, they still prejudice Defendant at this stage. The concern that a plaintiff may fabricate her account is not limited to trial; it also extends to the discovery process. In addition, witnesses are generally identified during discovery, not after the plaintiff has taken the stand.

The Court understands the sensitive nature of this case and does not take this decision lightly. However, after considering all the relevant factors, the Court finds that Plaintiff has not met her burden to proceed under a pseudonym.

Before the Court requires Plaintiff to disclose her identity on the public docket, it will give her a chance to dismiss this case to keep her name a secret. Plaintiff shall have 30 days from the entry of this order to: (1) file an amended complaint to include her name in the caption in compliance with Rule 10(a); (2) file a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2); or (3) appeal this decision as a collateral order. If Plaintiff fails to take any of these actions, the Court will dismiss this case pursuant to Federal Rule of Civil Procedure

4

41(b) for failure to prosecute and the Court's inherent authority to manage its docket.

**IT IS SO ORDERED.**
**DATED**: July 22, 2026

**J. PHIL GILBERT**
**United States District Judge**